■ MAIK NAUKA et al., Respondents, v PLENUM PUBLISHING CORPORATION, Appellant. [691 NYS2d 417] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 13, 1998, which granted plaintiffs' discovery request with respect to trip reports and private placement and contact memoranda, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the request for discovery of these items denied.

Defendant, a Delaware corporation, has been a leading publisher of Russian scientific journals, in English translation, since about 30 years prior to the breakup of the Soviet Union. In the early 1990s, with the advent of *perestroika*, plaintiff Russian Academy of Sciences formed a joint venture with plaintiffs Maik Nauka and Interperiodica to translate Russian scientific literature for publication by plaintiff Pleides, another Delaware corporation. The competition between these two

publishing houses became spirited, if not actually cutthroat. Defendant's managing editor made numerous trips to Russia in order to salvage its clientele. Each trip was summarized in a report to the company superiors.

Defendant sued plaintiffs in 1992 for tortious interference with contractual relations. The case was settled the following year, with an agreement that defendant would use "best efforts" to obtain assignments, or at least subcontracts, for plaintiffs. In 1997, plaintiffs commenced the instant action, alleging that defendant had failed to utilize such best efforts. Defendant vigorously denied these allegations.

In 1998, defendant engaged Salomon Smith Barney as financial adviser in connection with a proposed sale of defendant to another company. Salomon prepared a confidential memorandum summarizing defendant's holdings and operations.

In the discovery phase of the present action, plaintiffs sought to examine the reports of defendant's managing editor on his trips to Russia, both before and since the 1993 settlement agreement, and also the confidential placement memorandum created by Salomon in connection with the contemplated sale of the company. Defendant refused to divulge the pre-settlement trip reports, or anything in the confidential memorandum that did not have to do with Russian scientific journals. The IAS Court ruled that the entire confidential memorandum and all the trip reports should be made available, even after acknowledging that the pre-settlement trip reports were irrelevant to the issue of best efforts *after* the agreement.

The fact that these parties are competitors cannot be ignored in determining whether one would be prejudiced in having to divulge such confidential business data to the other (*Matter of Reuters Ltd. v Dow Jones Telerate*, 231 AD2d 337, 344-345). Furthermore, this case is about "best efforts," and while the vagaries of the marketplace—even prior to the effective date of an agreement—may be relevant in defining what is necessary for those efforts, the measure of the performance is nonetheless demarked by the period from the date of the agreement until the alleged breach (*see*, *Western Geophysical Co. v Bolt Assocs.*, 584 F2d 1164, 1171).

Plaintiffs have simply failed to demonstrate the relevant connection between defendant's best efforts and either the contents of the trip reports rendered prior to the settlement agreement, or the confidential placement memorandum for a company that now devotes only about 19% of its business to Russian scientific literature. The discovery ruling was an abuse

of discretion. Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.